UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | | |
|---|---|---|
| AARON ALDRICH, | ) | |
| Plaintiff | ) ) ) | |
| v. | ) ) | 1:25-cv-00497-JAW |
| ANDROSCOGGIN COUNTY JAIL, et al. | ) ) ) ) | |
| Defendants | ) | |

**RECOMMENDED DECISION AFTER REVIEW OF COMPLAINT**

Plaintiff, who is in custody at the Maine State Prison, filed a complaint against the Androscoggin County Jail, county employees, and medical providers based on their management of an infection in Plaintiff's left hand. (Complaint, ECF No. 1.) In addition to his complaint, Plaintiff filed an application to proceed without prepayment of fees (ECF No. 2), which application the Court granted. (Order, ECF No. 3.)

In accordance with the statute that governs actions where a plaintiff proceeds without prepayment of fees, a preliminary review of Plaintiff's complaint is appropriate. 28 U.S.C. § 1915(e)(2). Additionally, Plaintiff's complaint is subject to screening "before docketing, if feasible or … as soon as practicable after docketing," because he is "a prisoner seek[ing] redress from a governmental entity or officer or employee of a governmental entity." 28 U.S.C. § 1915A(a).

After a review of Plaintiff's complaint, I recommend the Court dismiss Defendant Jorge Veliz and order service against the other defendants identified in the complaint.

## LEGAL STANDARD

28 U.S.C. § 1915 is designed to ensure meaningful access to the federal courts for individuals unable to pay the cost of bringing an action. When a party is proceeding pursuant to § 1915, however, "the court shall dismiss the case at any time if the court determines," inter alia, that the action is "frivolous or malicious" or "fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2)(B). "Dismissals [under § 1915] are often made sua sponte prior to the issuance of process, so as to spare prospective defendants the inconvenience and expense of answering such complaints." *Neitzke v. Williams*, 490 U.S. 319, 324 (1989). The § 1915A screening requires courts to "identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint (1) is frivolous, malicious, or fails to state a claim …; or (2) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(b).

When considering whether a complaint states a claim for which relief may be granted, courts must assume the truth of all well-plead facts and give the plaintiff the benefit of all reasonable inferences therefrom. *Ocasio-Hernandez v. Fortuno-Burset*, 640 F.3d 1, 12 (1st Cir. 2011). A complaint fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 570 (2007). "A self-represented plaintiff is not exempt from this framework, but the court must construe his complaint 'liberally' and hold it 'to less stringent standards than formal pleadings drafted by lawyers.'" *Waterman v. White Interior Sols.*, No. 2:19-cv-00032-JDL, 2019 WL 5764661, at *2 (D. Me. Nov. 5, 2019) (quoting *Erickson v. Pardus*, 551 U.S. 89, 94 (2007)). "This

is not to say that pro se plaintiffs are not required to plead basic facts sufficient to state a claim." *Ferranti v. Moran*, 618 F.2d 888, 890 (1st Cir. 1980).

## FACTUAL BACKGROUND[1]

Plaintiff alleges that when he was transferred from a jail in New Hampshire to the Androscoggin County Jail, he had antibiotics that had been prescribed for a recently diagnosed infection of methicillin-resistant Staphylococcus aureus (MRSA) in his left hand. The jail in New Hampshire provided a prompt evaluation and immediately approved the medication, but the providers at Androscoggin County Jail did not approve the medication despite Plaintiff's requests. Over the course of nearly three weeks in March 2023, Plaintiff submitted multiple sick call slips describing his worsening infection and pain, his need for the medication, and his desire to see a medical provider. Plaintiff was eventually examined by a nurse practitioner, who expressed confusion at the delay in arranging for the examination and the denial of medication.

Plaintiff was ultimately sent to the emergency room of the local hospital and was later examined by an othepedic surgeon, who recommended partial digital amputation for a serious bone infection. Plaintiff told jail personnel that he wished to proceed with the surgery, but staff did not schedule the procedure for two and a half months, despite the surgeon's recommendation that the procedure be performed soon after Plaintiff's office visit. As a result of the delay, the surgeon had to remove more of Plaintiff's finger than originally planned. After the surgery, the medical providers denied Plaintiff necessary pain

---

[1] The factual background is derived from the allegations in Plaintiff's complaint.

medication and failed to care for the wound properly, which failure caused Plaintiff to develop another infection in his hand.

## DISCUSSION

Because vicarious liability does not apply in the context of constitutional torts, for a plaintiff to state a plausible claim for relief against each individual defendant, the factual allegations, if true, must support a finding that the individual, through his or her individual actions, violated Plaintiff's rights.  *See Ashcroft v. Iqbal,* 556 U.S. 662, 676–77 (2009).  In other words, each defendant is entitled to an individualized assessment as to whether Plaintiff has asserted an actionable claim against that defendant.

Plaintiff did not describe any conduct of Defendant Veliz and did not provide any information regarding Defendant Veliz's role at the Androscoggin County Jail.  Because Plaintiff did not provide any facts to support an inference that Defendant Veliz had any knowledge about or was involved in the conduct leading to the injuries underlying Plaintiff's claim, Plaintiff has failed to state a plausible claim for relief against Defendant Veliz.

## CONCLUSION

Based on the foregoing analysis, I recommend the Court dismiss Jorge Veliz as a party, but order service on the other defendants identified in the complaint.

## **NOTICE**

A party may file objections to those specified portions of a magistrate judge's report or proposed findings or recommended decisions entered pursuant to 28 U.S.C. § 636(b)(1)(B) for which de novo review by the district

court is sought, together with a supporting memorandum, within fourteen (14) days of being served with a copy thereof.

Failure to file a timely objection shall constitute a waiver of the right to de novo review by the district court and to appeal the district court's order.

/s/ John C. Nivison
U.S. Magistrate Judge

Dated this 4th day of February, 2026.